IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YAGUARIN CARRASCO, | ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DXC TECHNOLOGY SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

To the United States District Court for the District of Massachusetts.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant DXC Technology Services, LLC ("Defendant") respectfully moves this action, captioned Yaguarin Carrasco v. DXC Technology Services, LLC, Civ. A. No. 2277CV00238, from the Essex County Superior Court to the United States District Court for the District of Massachusetts, and as grounds therefore state as follows:

### Notice

1. Pursuant to 28 U.S.C. § 1446(d), Defendant DXC Technology Services, LLC is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of Essex County Superior Court. A copy of Defendant's Notice of Filing of Removal is attached hereto as **Exhibit A**.

### Commencement of Action in State Court

2. Plaintiff Yaguarin Carrasco commenced an action against Defendant in the Essex County Superior Court by filing a Complaint on March 11, 2022. This case was assigned Civil

Action No. 2277CV00238C in the records and files of Essex County Superior Court ("State Court Action").

3. On April 26, 2022, Plaintiff served a copy of his Summons and Complaint on Defendant which was filed with the Court on May 3, 2022.

4. Accordingly, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b)(1), in that it is filed within thirty (30) days after April 26, 2022, the date on which Defendant DXC Technology Services, LLC was served with this matter, and the case has been on file for less then one year.  Pursuant to 28 U.S.C. § 1446(a), Defendant hereby attaches all process, pleadings, and orders that have been filed, served or received by Defendant in this action hereto as **Exhibit B**.

## Nature of Claims

5. The State Court Action is a suit of wholly civil nature of which the United States District Court for the District of Massachusetts has jurisdiction under 28 U.S.C. § 1331.

6. In the State Court Action, Plaintiff brings one claim of gender discrimination and one claim of retaliation against Defendant in violation of Title VII of the Civil Rights Act of 1964.

7. On June 23, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 846-2020-11219 ("Charge 1").

8. The EEOC cross-field Charge 1 with the Massachusetts Commission Against Discrimination ("MCAD").  MCAD assigned Charge 1 No. 20BEM02363.

9. In Charge 1, Plaintiff alleged Defendant discriminated against him on the basis of gender and retaliated against him, both in violation of Title VII of the Civil Rights Act of 1964.

10. On August 10, 2020, the EEOC issued a Dismissal and Notice of Rights and a Determination Letter dismissing Charge 1.

11.     In the Determination Letter, the EEOC wrote, "…we have examined your charge based upon the information and evidence you submitted… Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of [Defendant]."

12.     On October 23, 2020, Plaintiff filed a second charge with MCAD ("Charge 2"), EEOC Charge No. 16C-2021-02143 and MCAD No. 20BEM2052.

13.     Charge 2 is "nearly identical to [Charge 1], wherein he again names [Defendant] and alleges discrimination on the basis of gender (Male) in violation of M.G. L. c. 151B, § 4(1) and Title VII. Both complaints involve allegations concerning [Plaintiff's] discriminatory termination in January 2020, and are based on the same alleged misconduct."

14.     On December 4, 2020, MCAD sent a letter to Plaintiff regarding Charge 1, notifying him of the dual filing between the EEOC and MCAD.  The letter stated, "The processing of this complaint will be conducted by the EEOC… the MCAD has determined that since the EEOC has jurisdiction and is investigating this charge of discrimination, the MCAD will not separately investigate the complaint at this time."

15.     On March 22, 2021, Defendant filed a Motion to Dismiss Charge 2 with MCAD.

16.     On September 2, 2021, MCAD administratively dismissed Charge 2 because "the allegations in [Charge 2] are essentially identical to [Plaintiff's] first complaint filed at the EEOC and subsequently dual filed at the Commission…."

17.     On March 2, 2022, MCAD dismissed Charge 1, granting substantial weight to the EEOC's August 10, 2020 dismissal of Charge 1.

18.     On March 11, 2022, Plaintiff filed the State Court Action in Essex County Superior Court to appeal MCAD's dismissal of Charge 1.

**Jurisdiction and Venue**

19. This Court has federal question jurisdiction over Plaintiff's claims in this case as the matter in controversy arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. *See* 28 U.S.C. § 1331.

20. Upon information and belief, and as alleged by Plaintiff in his Complaint, Plaintiff is a citizen domiciled in the state of Massachusetts.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the Complaint in this action was filed in the Superior Court for the Commonwealth of Massachusetts, Essex County.

**Basis for Removal**

22. Based on the foregoing, this action is properly removable under 28 U.S.C. § 1331 on the grounds that this court has federal jurisdiction over Plaintiff's claims.

23. This Notice of Removal is being filed within 30 days after the basis for removal was asserted and is therefore timely under 28 U.S.C. § 1446(b).

24. In accordance with Local Rule 81.1(a), within 28 days after filing the notice for removal, Defendant shall file certified or attested copies of all records and proceedings in the state court action and a certified or attested copy of all docket entries in the state court action.

25. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled, and Defendant expressly reserves the right to assert all available defenses at a later time.

26. By removing this action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant respectfully requests that this action be removed from the Essex County Superior Court to the United States District for the District of Massachusetts.

Respectfully submitted,

DXC Technology Services LLC

By its attorneys,

*/s/ R. Victoria Fuller*

---

R. Victoria Fuller, BBO# 666494
Sean Andrés Rapela, BBO# 709630
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
Tel: (617) 963-5975
vfuller@fmglaw.com
sean.rapela@fmglaw.com

**CERTIFICATE OF SERVICE**

I, R. Victoria Fuller, hereby certify that on May 26, 2022, this document, filed through the ECF system, will be served via email and first class mail, postage prepaid, upon:

Yaguarin Carrasco
108 Salem Street, Apt 4
Lawrence, MA 01843
yaguarincarrasco@hotmail.com

*/s/ R. Victoria Fuller*

---

R. Victoria Fuller